Mr. Chavez challenges the imposition of a 20-year mandatory minimum sentence in his case. Based on a finding, not one that was made explicit, but one that is implicit in his sentence, that he had been convicted previously for violating California Health and Safety Code Section 11378, and that that conviction qualified as a felony drug offense under Sections 851 and Section 802.44. And there are three parts to his challenge. Any one of which are enough to remand, to vacate a sentence and remand for resentencing. The first is that there was a complete failure in this case to comply with the procedures in Section 851B. Is that a structural error under our case law? It is. I haven't seen the case law put it that way, but in essence, that, this Court requires strict compliance with that. And as soon as there's a violation, it is, I mean, I take it back, there's a subject to some kind of plain error or harmlessness analysis, right? You're right. I take that back. It is subject to harmless error analysis, but essentially, if there is, if that is not complied with and there's no showing of harmlessness, in this case, it's certainly not harmless error. But at that point, it is an automatic, the sentence is illegal, it's automatically vacated and remanded for resentencing. And your harmlessness analysis here is probably what you were about to say is your second point about the substantive issues? Right. So that, so it plays into the second argument, which is also on its own a reason for remand, and that is that under, when you apply the modified categorical approach in this case, the analysis shows that Mr. Chavez did not plead guilty to the controlled substance element in this case. And if you look at the excerpts of record, we have here the plea form, which shows exactly what he pled guilty to. It lists the charge as 11-378, and his factual basis was that he did the things in the charge. It's not tied to count one of the California complaint. He never admitted to any controlled substance element. So given that this had a profound effect in doubling the mandatory minimum, right there, we have that the error is certainly not harmless. And then the third part of the argument is based on the Lorenzo case, and in this case, the court doesn't even need to get there based on what we already have, but that is the recent case that has been depublished, but the holding still stands that the California statute is overbroad because it includes optical and geometric isomers, whereas the federal statute only includes optical isomers. And the state of the record, you know, there have been some, there's been some litigation in the district court, but as I stand here today, no court has found that geometric isomers of methamphetamine do not exist, and when you look at that, when you look at the decision in Lorenzo, it still stands that the statute is facially overbroad. Well, Lorenzo didn't say that the geometric isomers do exist, right? So is there any evidence, preferably in the record, but if not, you can tell me otherwise, is there any record, is there any evidence that they do exist? As far as we know, they do exist. Where's the evidence for that? Okay, so, I mean, the government, I think, can really speak to the way this litigation has gone, but the government asked this court to take judicial notice of some declarations that were followed, filed in the Trinidad-Hernandez case. That case was remanded. In the central district, there has been a hearing where that expert testified, and at the conclusion of that testimony, the district court judge said, I need more information. I need to appoint an independent expert. At that point, the district court judge proposed an independent expert. It turned out that the government had communicated with that expert, and that the expert had sent an email to the government saying, I'll quote this exactly, there are many geometrical isomers of methamphetamine, and that he thought there was one that is the problem. And at that point, the government had cut off communication with the expert and had gone with this other expert who said that there weren't geometric isomers. And so the government then ---- That's not a surprise, is it? No. The government wouldn't hire an expert that said what it didn't want to hear? Exactly. Okay. That had not been previously turned over, and the government realized that it should have been and moved to dismiss those cases in the district court. And I don't ---- my understanding is that there hasn't been any other litigation. That's the state of the record now. But if we send this back for any one of the three reasons you're talking about, I assume that you'll then have to bring your own expert in and show why under the modified categorical analysis, or let's go back, this is overbroad and this doesn't work and you can't have a conviction that meets these qualifications for sentencing, right? Exactly. I mean, I think the first argument would just be that this doesn't qualify anyway because he didn't ---- That's your charge versus count. Exactly. So on that, I mean, that's the main argument. Lorenzo is gravy there. But, yes, I would imagine there would be some sort of other ---- there would be some kind of hearing on that issue. I was hoping to ask about a different thing. So the acceptance of responsibility issue, I can't figure out if it made any difference because the mandatory minimum seems like it controlled the sentence. And so did this responsibility issue matter? It didn't matter in ---- It didn't matter at this sentencing because the guideline range straddled the mandatory minimum. It was 210 to, I think, 260 months, and the mandatory minimum was 240 months. And so ---- So are you arguing that now only in case you win on the other issue and it comes up? But do we really need to reach that right now, or can that just happen if we do remand? Can we see if it matters the next time? I believe that it would matter because the district court would need to make a guideline determination. And at that point, if the mandatory minimum doesn't apply, and it shouldn't even ---- I mean, now the First Step Act has come along, and he wouldn't ---- this enhancement wouldn't qualify under the new law. Oh, but so then you think the acceptance of responsibility would matter more because there wouldn't be ---- I think in either case it would matter because the district court would need to make the determination of the correct guideline range. So is it clear that if this does go back for resentencing, the First Step Act now would apply to this resentencing and preclude basically that higher mandatory minimum? I believe that it would because the sentence at that point would be vacated. The language in the First Step Act is a little bit confusing. I think it says a couple of different things. At some point it says that it applies if a sentence has not been imposed as of the day of enactment, but it also says the act at the beginning says that it shall apply to any offense that was committed before the date of this act. So it's confusing, but I think it would. So you'd be making a textual argument. We don't have any precedent on that application yet, do we? There's not any precedent. The Supreme Court last month remanded at least one case for consideration of the application of the First Step Act, but it was just a remand. If you win on the 851 issue on remand, would there still be a 10-year mandatory minimum? Is that true even with the First Step Act? Yes, it would still be. So there would still be a 10-year mandatory minimum. And does the guideline range change so it would then straddle that minimum? Or do you know what the guideline range would be? The guideline range would need to be recalculated, and I believe that it would still at this point it's the 210 to 260 months. And that might still be the same even with the different mandatory minimum? Right, unless there is – that's why the acceptance of responsibility really makes a difference. The court then – if this sentencing, the court couldn't go underneath the guideline range, and as you know, the guideline range is just a starting point. But you're saying that perhaps on remand it would be possible? Yes. You've got a little bit of time left. We'll give you a little bit more because we took you past your time. But why don't you have a seat, and we'll hear from the government, and then you have a little rebuttal time. Thank you. Good morning. Good morning, Your Honors. May it please the Court, Ashley Aul, for the United States. The 851 issue is the hardest issue in this case, and it comes down to harmlessness. There's no argument that the district court complied with 851B. Obviously it did not. And the harmlessness showing the defendant has to make here is the prejudice prong of plain error review under Severino. And the facts that, in my view, make this harmless are the following. One, there's no dispute defendant knew about the 851. At ER 19, he references at sentencing the 851 in discussing a previous plea offer that had been made to him in 2015. He also references that it resulted in a 20-year sentence. The defendant or defendant's counsel? The defendant, Your Honor, at ER 19. Defendant's counsel also referenced that at ER 17 and in the sentencing pleading at GER 18. And so they knew this was there. They specifically knew there was an 851. And then there are really three ways of challenging 851. You can say you can challenge identity. You can say that's not my conviction. You can bring a collateral attack under 851C, or you can raise some sort of legal challenge. Identity was completely off the table. Defendant had stipulated that he had this conviction. His counsel filed other challenges to the conviction with respect to the PSR. There was no dispute it was his. Collateral attack was barred by 851E because it was out of time. And so what defendant really has to show is that he was prejudiced in his ability to bring the legal claims he now brings by the district court's failure to advise him under 851B. And I submit to the court that that's just not realistic. But what is the colloquy for then? I mean, the colloquy only comes up when they're pursuing 851. It seems like we have this case law that says you need to do this colloquy to give the defendant the opportunity to make the type of arguments the defendant's making now. I certainly think that the colloquy is important in the context where a defendant, as in Rodriguez, doesn't want to admit that it is his conviction. But when the burden is on the defendant to show prejudice under Severino, I think it is appropriate to doubt whether or not a defendant being advised you have this conviction, you have to admit or deny it, has anything to do with his ability to bring a modified categorical approach, much less one having to do with it. Why would it be more important when someone's trying to make your first category rather than your third category? I'm not sure I understand why. It's not that it's more or less important. I think that given a particular record here, certainly where counsel knows of the conviction, has filed other challenges to it. He filed a criminal history-based challenge to it. I just don't think there's anything showing causation, really, between the failure to advise under 851B and those legal challenges. That said, I recognize that that's a difficult argument. Severino certainly found that there was – I think the best case is Housley. Housley similarly assessed the situation where at least Identity and 851C were foreclosed. That's the best precedent we have in this situation. Pivoting to the actual legal challenges, on the sufficiency of the charging documents, this case actually has a better record than most cases. The cases in which a defendant has relied, like Toria Jimenez, deal with a situation where a defendant doesn't admit any particular facts. All he says is, I admit count one. But if all he was admitting were the facts necessary for this state law conviction and this state law conviction is overbroad, then how do we know that he admitted the facts that you want him to admit? I just don't think that's a fair reading of the record. I agree with you. If he said that I did the things necessary under state law to set up this event. But that kind of is what he said, isn't it? I just don't think that's right, Your Honor. He said that I did the things that are stated in the charges that I am admitting. And to me, the distinction between charge and count is too hyper-technical. The reason why the court has focused on count in the past is because in those cases, a defendant didn't say something like this. He said nothing like, I admit that I did the things that are stated. Defendant just says, guilty count one. And in that situation, the court has required a very tight relationship between what does that count and what does it say because the defendant has really made no factual basis. So you're saying that because he said he pled guilty to the charges without specifying which ones that's enough? To the things that are stated in the charges that I am admitting. And, Your Honor, I think that creates a tighter connection. And in the end, the cases that defendant relies on are cases in which a defendant has admitted to a completely different crime. So whereas the indictment alleged 11-378, he admitted to 11-352. I mean, how do we know that they didn't carefully choose those words, though? How do we know that we didn't? I mean, maybe his counsel said, say charges, don't say count. It makes a difference. It's a checkbox. It's the standard form. But when he said this thing, I admit to the facts needed. Sorry, where in the record is that? Is that a checkbox? That is ER-42. It's a checkbox on the California plea form. So you're saying those weren't words that he chose? No, that is part of the standard plea form, which is the same situation that the court often encounters where defendants enter a standard form plea. But point being, this is the factual basis for his plea, and he's admitting that he did the things that are stated in the charges. At minimum, I would say that this is not plainly, if the court is looking to this anew, as opposed to just as part of the prejudice analysis, this is certainly not plainly erroneous under this court's precedence. And so I think there's no basis for reversal as a standalone claim. But even if we were to agree with you on that point, that would still get us to the Lorenzo problem, wouldn't it? So Lorenzo problem is this court should resolve just as the two prior panels that have considered this after the withdrawal of the opinion have done, which is to find that there's no plain error because at minimum there's a factual dispute. We submitted two 28-J letters. These cases are Renteria-Aguilar and Luque-Rodriguez. And what those cases found correctly is that at minimum there's a factual dispute. That means that a defendant cannot establish plain error under this court's precedence. Just to be clear, there is no evidence that these exist. None. And I am going outside of the record, Judge Simon. Counsel has accurately stated what happened in prior cases. We dismissed those cases in order to be able to talk to that expert who had sent this e-mail that was confusing because we couldn't talk to him because he had been appointed as the court expert. We were in this awkward situation of not wanting to breach the court's own rules. We have clarified with him there are no geometric isomers of math. But if that's true, what's the harm in having a remand to discuss that further? Plain error is what stands in the way, Your Honor. I am not saying there would be harm. I feel like our court hasn't even been— sometimes we call it harmless in this context. I don't quite understand whether we've really treated this type of error as plain error versus harmless. This—I believe the court—I mean, that is exactly what the court did in Brenturia-Aguilar and Luque-Rodriguez. Those are both cases where somebody prior was being analyzed legally under the modified categorical approach, and the court was faced as here with a late-raised Lorenzo claim and after Lorenzo was withdrawn found that there was a factual dispute that meant that any error was not plain. And so it did not remand. The one case where the court has remanded, which is Trinidad-Hernandez, predated the depublication of Lorenzo. At that point, there was controlling precedent about the overbreadth of California law. That is no longer the case. And there actually is a pending appeal right now, a government appeal, attempting to clarify this. So hopefully we all don't have to deal with geometric isomers for too much longer. But in any case, right now there is no controlling precedent about overbreadth. There's no controlling precedent about the existence of these isomers. They do not exist. And there's no basis for remand in a case where it hasn't been preserved. But if defendant is right about his position on the absence of geometric isomers of methamphetamine, then why is it harmless? Your Honor, if they don't exist, then the government wins. The nonexistence of geometric isomers means that the defendant loses. Oh, I'm sorry. You're right, and I spoke backwards. But if the defendant's position is correct about the existence of geometric isomers, then it's not harmless, right? That would be true, Your Honor. And we don't have a decision that says that they don't exist. That's correct, Your Honor. But this again comes down to plain error. In the context of plain error, if there is a factual dispute that is unresolved because it wasn't preserved below, that means any error isn't plain. But were any of those cases in the 851 context, so maybe my question earlier wasn't clear, but in the 851 cases, it seemed to me that when there's the procedural error, the Court has actually talked about harmlessness rather than plain error, even though obviously no one objected or they would have had the colloquy. So if, let's just say for a second, it's more like harmless error than plain error, I'm not sure that the cases that are about plain error, about what meth forms are, translate exactly because maybe we're under some sort of lesser standard for the 851 context. I understand. I think I have two responses. One is Severino clearly applies plain error. It's an en banc case and applies plain error to an 851 error. But even assuming that weren't the case and we're looking to harmlessness, again, there has to be a causal connection. It's not just that there is some harm out there and there was also a procedural error. It's that you were prejudiced by that error. And our argument here is that there is no basis for thinking that defendant's ability to bring an organic, chemical, modified, categorical challenge to his 851 had anything to do with 851B procedure. Certainly he didn't raise it and certainly he could have. But on this record, I think there's no basis for concluding that that was because he was or wasn't advised about the 851, particularly where, as I said, he and his counsel both knew about it and counsel filed other legal objections to that conviction. What's the interplay between the 851 problem and the First Step Act? Your Honor, if it goes back on remand, the parties will have to litigate whether or not the First Step Act applies. The government's position is that it would not because it applies to sentences that were not yet entered. But if the defendant is right, then we've got some harm caused by the failure to have the 851 colloquy, right? Again, that is a legal error that itself doesn't relate to the 851 colloquy. There was no First Step Act at the time of this colloquy. So that's not to say there are not errors that could be litigated. I think those are all within plain error review. But with respect to the actual and I think strongest argument about 851B, it is the government's position that he cannot establish prejudice. Other questions of counsel? Thank you. Thanks very much. So your friend in the opposition had how many minutes did she have or seconds? Twenty. Okay. We'll give her another minute. So you have one minute and 20 seconds. Okay. I can do it. Okay. All right. Thank you. So I would just direct the Court to page 42 through 43 of the ER, and it's really the two together that show that he didn't plead to the controlled substance element. This is the plea form. This is what he admitted to. It lists that he's pleading guilty. It doesn't mention a count. It just says he's pleading guilty to Health and Safety Code 11-378, and that he admits, I agree that I did the things that are stated in the charges that I am admitting. And so there's no mention there of any controlled substance element. And so just right there, we don't have a match with the California statute, and it doesn't qualify. So, really, that's as far as we have to go. We know that the 851B procedures were not complied with. 851B is kind of a weird bird where we don't apply plain error because, as you said, if somebody had objected, it would have happened. The question is just harmlessness, and right here we can tell that the error was not harmless. Okay. Other questions by my colleagues? Thanks to both of you, Counsel. We appreciate it. The case just argued is submitted.
judges: M. Smith, Friedland, Simon